```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JILL M. WHEAT,

                    Plaintiff,                    08-CV-6117T

              v.                                  **DECISION AND
                                                  ORDER**
JOHN POTTER, POSTMASTER GENERAL,
EUGENE VACCARO, SUPERVISOR, AND
MICHAEL BRADLEY, SUPERVISOR,

                    Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Jill M. Wheat ("plaintiff"), proceeding *pro se* brings this action alleging that both her supervisors and named defendants Michael Bradley ("Bradley") and Eugene Vaccaro ("Vaccaro") discriminated against her on the basis of sex and disability. Defendants John Potter, the Postmaster General, Bradley and Vaccaro (collectively "defendants") now move to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service, arguing that since plaintiff failed to serve defendants in the time allotted by Rule 4(m) of the Federal Rules of Civil Procedure, her claims should be dismissed. Plaintiff has not opposed defendants' motion. For the reasons set forth below, defendants' motion to dismiss is granted.

## **BACKGROUND**

Plaintiff commenced this action by filing a complaint on March 13, 2008. On June 2, 2008, this Court issued an order extending the time for plaintiff to effect service within 120 days from the date of

the order, which fell on September 30, 2008. At that time plaintiff had not effected timely service of process on defendants. On July 23, 2009, the Government contacted the plaintiff by certified mail and informed her that the defendants had not been properly served. Plaintiff was invited to request an enlargement of time to make proper service. In addition, the Government's letter advised plaintiff that if she did not seek an enlargement within thirty days, the Government would move to dismiss the action. See Affidavit of Kathryn L. Smith, Ex. A. To date, the Government has received no response from the plaintiff relating to its July 23, 2009 correspondence. Further, plaintiff has not served the defendants, nor has she sought the Court's permission for an enlargement of time to make service. It has been over one year and eight months after the complaint was filed.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff must serve a copy of the summons and complaint on all defendants within 120 days of filing the complaint. See FED.R.CIV.P. 4(m).[1] Failure to do so may result in dismissal of the action. See id.; see also Murphy Bros. Inc. v. Michetti Pipr Stringing Inc., 526 U.S. 344, 350 (1999) (Proper service of process is a prerequisite to a court's exercise of personal jurisdiction over defendant).

---

[1] Rule 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative...shall dismiss the action without prejudice...."

Accordingly, insufficiency of service of process is an appropriate ground for dismissal of a complaint. See FED.R.CIV.P. 12(b)(5). Thus, when a defendant moves to dismiss for insufficiency of service of process, the plaintiff bears the burden of proving adequate service. See Mende v. Milestone Tech., 269 F.Supp.2d 246, 251 (S.D.N.Y.2003) ("Before addressing Defendant's Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary question[] of personal jurisdiction") (citations omitted).

A court may extend a plaintiff's time for service upon a showing of good cause, or where it finds a discretionary extension to be appropriate. See FED.R.CIV.P. 4(m); Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y.1999). However, neglect and inadvertence are generally not sufficient to support a finding of good cause. See Bakal v. Ambassador Const., 1995 WL 447784, at *2 (S.D.N.Y.1995) ("courts agree that mere inadvertence or attorney neglect do not suffice [to establish good cause]"); see also McGregor v. United States, 933 F.2dd 156, 160 (2d Cir.1991) (Good cause will not be found where the omission is the product of inadvertence, neglect, mistake or misplaced reliance). A court will find good cause to extend the time for service only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Fried v. New York State Office of Children and Family Services, 2008 WL 4360749 at *5 (E.D.N.Y.2008); Spinale v. United States, 2005 WL 659150, *3 (S.D.N.Y.2005) ("In order to establish good cause for

failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control"). In this case, plaintiff has been unable to establish good cause for her failure to timely serve defendants.

Further, courts have dismissed cases where plaintiffs have failed to properly serve process upon defendants named in lawsuits. See Jonas v. Citibank, N.A., 414 F.Supp.2d 411, 416 (S.D.N.Y.2006); see also Cioce v. The County of Westchester, 2003 WL 21750052 (S.D.N.Y.2003) (dismissing pro se complaint for failure to serve process where service was not made until more than 200 days after the institution of lawsuit). Here, plaintiff failed to effectuate proper service upon the defendants by failing to serve the office of the United States Attorney for the Western District of New York, the Attorney General, or the Post Master of the U.S. Postal Service. See Fed.R.Civ.P. 4(i). Given the traditionally liberal treatment accorded to *pro se* litigants, this failure was not necessarily fatal to plaintiff's case. In fact, on June 2, 2008, this Court granted plaintiff a 120-day extension of time to complete service. However, despite the extension, service still has not been properly made.

Courts will often consider the length of the delay in serving process. See Point-Dujour v. U.S. Postal Svc., 2003 WL 1745290, at *3 (S.D.N.Y. 2003) (dismissing complaint for failure to serve defendants with process 19 months after being advised of service deficiency); Allianz Ins. Co. v. Otero, 2003 WL 262335, at *4-5

(S.D.N.Y.2003) (dismissing complaint for lack of good cause in failing to serve process one-year and three months after defendants had put plaintiff on notice that service was improper). In this regard, in July 2009, plaintiff was notified by the government that proper service had not yet been effected. Plaintiff did not respond and did nothing in response to the Government's notification. As a result, over twelve months have passed since the deadline of service expired. Moreover, it has been over one year and eight months after the complaint was filed and service has not been made, nor has good cause been shown for the lack of service. Accordingly, I find that plaintiff's extended delay in service warrants dismissal of the complaint for lack of jurisdiction. Thus, defendants' motion to dismiss is granted.

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is granted. Plaintiff's complaint is dismissed without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
             November 18, 2009